UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO RAMOS; MARINA RESTO, individually and the legal conjugal partnership formed by them; FRANCISCO CORTEZ, ADA MORENO, individually and the legal conjugal partnership formed by them; EFRAIN GONZALEZ, MIGDALIA BERDECIA, individually and the legal conjugal partnership formed by them; JOSE COLON, MIRTA RIVERA, individually and the legal conjugal partnership formed by them; MYRNA FONT; VENANCIO RODRIGUEZ, MARIA RODRIGUEZ, individually and the legal conjugal partnership formed by them; and ANGEL MUÑOZ, ALMA PEREZ, individually and the legal conjugal partnership formed by them,<br><br>Plaintiffs,<br><br>v.<br><br>VOLVO CAR CORPORATION; TREBOL MOTORS CORPORATION; TREBOL MOTORS DISTRIBUTOR CORP.; CONCHITA NAVARRO DE GONZALEZ, and RICARDO GONZALEZ NAVARRO,<br><br>Defendants. | Civil No. 96-1922 (JAF) |

## **OPINION AND ORDER**

Plaintiffs, Francisco and Marina Ramos; Francisco and Ada Cortez; Efraín and Migdalia González; José and Mirta Colón; Myrna Font; Venancio and María Rodríguez; and Angel and Alma Muñoz, bring this action against Defendants, Volvo Car Corporation ("VCC"); Trebol



Civil No. 96-1922 (JAF)                                                          2-

Companies ("Trebol"); and Ricardo and Conchita González ("the González Defendants"), alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (1984).

Previously, we granted Defendant VCC's motion for summary judgment. See Docket Document No. 125. Plaintiffs now move for reconsideration of that Opinion and Order.

We meticulously presented the factual and procedural history of this case and its predecessors in our earlier disposition. See id. Thus, we refrain from repeating the same material. We simply address our summary judgment determination and Plaintiffs' contentions.

After a thorough review of the record, we determined that the doctrine of *res judicata* barred re-litigation of Plaintiffs' claims against Defendant VCC. The First Circuit's prior disposition addressed all claims that Plaintiffs raised against VCC; it was a full disposition on the merits, and there was sufficient identity between the parties and causes of action for the doctrine to apply. See id.

Plaintiffs now allege that: (1) they did not have a full and fair opportunity to litigate in the prior suit because of repeated discovery violations committed by Defendant VCC; and (2) the parties in the prior suit are not sufficiently similar as those in the

Civil No. 96-1922 (JAF)                                                3-

instant case. Additionally, Plaintiffs move to supplement their opposition to Defendant VCC's motion for summary judgment.

Essentially, Plaintiffs are asserting that they now possess information which was unavailable to them by the prior disposition and, thus, that the earlier lawsuit did not offer them a full and fair opportunity to litigate their claims. We disagree. Plaintiffs are attempting to present us with the exact same issues, which is precisely what the doctrine of *res judicata* bars. See, e.g., Moitie, 452 U.S. at 401 (noting that at some point a case must end). While seemingly harsh on the surface, to hold otherwise would invite motions for reconsideration in every case where the party adversely affected by a court ruling subsequently discovered or found new information. Undoubtedly, there are cases of a continuing or sequential nature in which each successive suit brings more information. Nonetheless, each new discovery is not an occasion to revisit earlier dispositions. Furthermore, we find that Plaintiffs' claims were fully and fairly decided in the previous action. Cf. Goel v. Heller, 667 F.Supp. 144, 149 (D.N.J. 1987) (finding that dismissal of counterclaim was adjudication on the merits for *res judicata* purposes).

Moreover, as we fully discussed in our previous disposition, we find the parties to be sufficiently similar in both actions. As we previously stated:

Civil No. 96-1922 (JAF)                                              4-

> There is sufficient identity between the parties
> because in the earlier <u>Bonilla</u> class action, the
> class of plaintiffs included "all other persons
> who, as a direct result of defendants' scheme,
> . . . bought or acquired from defendants motor
> vehicles of the Volvo model 240 GLE *and/or any
> other Volvo model*." (emphasis ours). This class
> clearly encompasses Plaintiffs, and the
> Defendants in both actions are the same parties,
> VCC, Trebol, and the González Defendants.

<u>Docket Document No. 125</u>. Plaintiffs' claims to the contrary are simply without merit.

In accordance with the foregoing, we **DENY** Plaintiffs' motion for reconsideration and motion to supplement. This Opinion and Order disposes of <u>Docket Documents Nos. 128 and 134</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of September, 2000.

JOSE ANTONIO FUSTE
U.S. District Judge

AO 72 (Rev 8/82)